UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
(ST. LOUIS)

GREG CLEMENT,

    Plaintiff,

v.

                              Civil Action No. 4:18-cv-00074-AGF

CARTER-YOUNG, INC., et al.,

    Defendants.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits Plaintiff purports to bring claims against it pursuant to the Fair Credit Reporting Act ("FCRA"). Equifax denies that it violated the FCRA, denies that Plaintiff was harmed by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

2. To the extent Plaintiff has properly alleged his claims, Equifax admits the U.S. District Court may exercise its jurisdiction.

3. Equifax denies the allegation of "illicit conduct" in Paragraph 3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4. Equifax admits Plaintiff has demanded a trial by jury and likewise demands a jury trial.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax denies that it is a corporation. Equifax denies that the term "consumer reporting agency" is defined by "15 U.S.C. § 1681(f)" and therefore denies those allegations. Equifax denies that the term "credit reports" is defined by the FCRA and therefore denies those allegations. Equifax admits that its principal place of business is in Atlanta, Georgia.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax denies that it engages in collection activities. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

16. Equifax admits it sent reinvestigation results to Plaintiff, the contents of which speak for themselves. Equifax states that the reinvestigation results speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the reinvestigation results, the allegations are denied.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 22.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

21. [sic] Equifax denies the allegations in Paragraph 21.

22. [sic] Equifax denies the allegations in Paragraph 22.

23. [sic] Equifax denies the allegations in Paragraph 23.

24. Equifax denies the allegations in Paragraph 24.

25. Equifax denies that it engages in collection activities. Equifax denies the remaining allegations in Paragraph 25.

26. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 25.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 29.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 33.

35. Equifax denies the allegations in Paragraph 35.

36. Equifax denies the allegations in Paragraph 36.

37. Equifax denies the allegations in Paragraph 37.

38. Equifax denies the allegations in Paragraph 38.

39. Equifax denies the allegations in Paragraph 39.

40. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 40.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Equifax denies Plaintiff is entitled to any relief claimed in his Complaint.

52. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## FIFTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action;

(3)    it receive a trial by jury for all issues so triable;

(4)    it recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 9th day of February, 2018.

        Respectfully submitted,

        POLSINELLI PC

        By:  /s/ Peter Corsale
             Peter A. Corsale, #57220
             100 S. Fourth Street, Suite 1000
             St. Louis, MO 63102
             Telephone:  (314) 889-8000
             Facsimile:  (314) 231-1776 Fax
             pcorsale@polsinelli.com

        ATTORNEYS FOR DEFENDANT
        EQUIFAX INFORMATION
        SERVICES, LLC

8
**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above and foregoing has been served on the parties of record by using the Court's CM/ECF system:

Matthew P. Cook
P.O. Box 220342
St. Louis, MO 63122

Robert J. Schuckit
SCHUCKIT AND ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, IN 46077

This 9th day of February, 2018.

                /s/ *Peter Corsale*
                Peter Corsale