UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREG CLEMENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18CV00074 AGF |
| | ) |
| CARTER-YOUNG INC., et al. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This action for damages under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § l681, *et seq.* ("FCRA"), is before the Court on the motion of Defendant Creditors Bureau Associate's ("CBA"), to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth below, CBA's motion will be granted.

# BACKGROUND

Plaintiff, a Missouri resident, filed this action in Missouri state court from where it was removed to this Court based on federal question jurisdiction. For purposes of CBA's motion to dismiss, the record establishes the following. As of the filing date of the action, Plaintiff Greg Clement is a Missouri resident. CBA, a Georgia corporation, is a debt collector under the FDCPA, and a furnisher of credit information under the FCRA. Plaintiff alleges that CBA reported inaccurate information to two consumer reporting agencies, one a Georgia corporation and one an Illinois corporation, about a "medical

debt" Plaintiff maintains he did not owe.  Plaintiff alleges that he spoke with CBA on the phone on or about December 12, 2017, and that during the call, CBA advised Plaintiff that if he paid his debt it would help his credit and presented him with a settlement offer good only for 30 days.  When the parties spoke again on or about December 23, 2017, CBA advised Plaintiff that the settlement offer would still be good in February 2018.  Plaintiff claims in Count I of his complaint that these assertions were misrepresentations intended to deceive Plaintiff into paying on the alleged debt, in violation of FDCPA, 15 U.S.C. § 1692e.  Plaintiff further alleges that the consumer reporting agencies told CBA that Plaintiff disputed the debt, but CBA failed to respond to reinvestigation requests and failed to supply accurate and truthful information.  Plaintiff claims in Count IV of the complaint that this constituted a violation of the FCRA, 15 U.S.C. § 1681s-2(b).  The other counts in the complaint were against parties who have been voluntarily dismissed.

In support of its motion to dismiss for lack of personal jurisdiction, CBA submits the affidavit of its president, Calder Willingham, who attests that CBA has no offices in Missouri, is not incorporated in Missouri, and does not purposefully conduct business in Missouri.  Willingham further attests that the debt at issue arose from medical services that were obtained in Georgia, the address on the account at issue is located in Georgia, and the telephone number for the account contains a telephone area code for Georgia.  He attests that the two December 2017 telephone calls alleged in Plaintiff's complaint were placed by Plaintiff to CBA.  ECF No. 17-1.

In response, Plaintiff submits his own affidavit dated May 8, 2018, in which he states that he resides in St. Louis County, Missouri, and that CBA's challenged collection

2

and credit reporting activity "was conducted while" he was in St. Louis. Plaintiff further attests that while residing in St. Louis, CBA called him multiple times to collect on the alleged debt; that he spoke with CBA at least twice in December 2017; and that during both those calls, CBA advised him that it would call him back to follow up on collection of the debt. ECF No. 21-1. Plaintiff maintains that these contacts and the fact that he sustained damages in Missouri, where he now resides, support this Court's personal jurisdiction over CBA. He argues that the interest of Missouri in providing a forum for its residents, and Plaintiff's convenience would best be served to have the matter remain in Missouri where he now resides, even if the debt at issue arose in Georgia.

## **DISCUSSION**

The existence of subject matter jurisdiction under the FDCPA or FCRA does not obviate the requirement for personal jurisdiction over the defendant. *Velez v. Portfolio Recovery Assocs., Inc.*, 881 F. Supp. 2d 1075, 1081 (E.D. Mo. 2012) (FDCPA); *Ratliff v. Celadon Trucking Servs., Inc.*, No. 17CV7163, 2018 WL 1911797, at *4 (N.D. Ill. Apr. 23, 2018) (FCRA). To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support a "reasonable inference that the defendant can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriac & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (citations omitted). The court must view the evidence in the light most favorable to the party asserting personal jurisdiction. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004). Although the evidentiary showing required at the prima facie stage is minimal, that showing must be supported by affidavits and exhibits and not

by the pleadings alone.  *K-V Pharm. Co.*, 648 F.3d at 592.  The party espousing jurisdiction carries the ultimate burden of proof.  *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 646-47 (8th Cir. 2003).

There are two types of personal jurisdiction – general and specific.  Here, Plaintiff only posits specific personal jurisdiction, which arises when the defendant has purposely directed its activities at the forum state, and the cause of action relates to those activities.  *See, e.g., Pangaea v. Flying Burrito, LLC*, 647 F.3d 741, 745-46 (8th Cir. 2011).  A court has personal jurisdiction over a non-resident defendant if (1) the applicable state long-arm statute has been satisfied, and (2) the exercise of jurisdiction comports with the due process clause of the Fourteenth Amendment.  *Kangas v. Kieffer*, 495 F. App'x 749, 750 (8th Cir. 2012) (FDCPA case).

In Missouri, because the long-arm statute, Mo. Rev. Stat. § 506.500.1, confers jurisdiction to the fullest extent permitted by the Due Process Clause, the inquiry into personal jurisdiction "generally collapses into the single question of whether personal jurisdiction comports with constitutional due process."  *Romack USA, Inc.*, 384 F.3d at 984.  "For a State to exercise [specific personal] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."  *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 1121 (2014) (citations omitted).  The relationship between the defendant and the forum state "must arise out of contacts that the defendant himself creates with the forum State."  *Id.* at 1222.

The Court concludes that there is no basis to exercise personal jurisdiction over CBA with respect to Plaintiff's FDCPA claim.  Although Plaintiff attests that CBA made

multiple calls to him in Missouri to collect the debt at issue, he does not assert that any of these calls reached him, or resulted in a conversation or voice message left by CBA. Plaintiff does not dispute that he initiated the two calls in December 2017. There are no other alleged contacts in Missouri with respect to CBA's attempt to collect the debt, other than Plaintiff's presence in Missouri and, therefore, his sustaining the alleged damages in Missouri. Indeed, Plaintiff has presented no evidence that CBA knew he resided in Missouri. In sum, the Court finds that Plaintiff has failed to make a prima facie showing that CBA is subject to specific personal jurisdiction in Missouri with respect to Plaintiff's FDCPA claim. *See, e.g., Fitzgerald v. Zakheim & LaVrar, P.A.*, 90 F. Supp. 3d 867, 873 (D. Minn. 2015).

The Court reaches the same conclusion with respect to Plaintiff's FCRA claim against CBA. *See Henkin v. Gibraltar Private Bank & Tr. Co.*, No. CV 16-5452, 2018 WL 557866, at *4 (E.D.N.Y. Jan. 22, 2018) (finding no personal jurisdiction with respect to a FCRA claim against a furnisher of credit where the only connection of the action to the forum state was the plaintiff's presence there and hence his sustaining the alleged economic loss there); *Screen v. Equifax Info. Sys.*, 303 F. Supp. 2d 685 (D. Md. 2004) (finding the Alabama-based defendant had not purposefully established contacts with Maryland because the defendant had never directly contacted the plaintiff in Maryland and had only sent a consumer dispute verification form regarding the plaintiff to the credit reporting agency); *Chyba v. TXU Energy*, No. 12-CV-0837 BEN NLS, 2012 WL 6608618, at *3 (S.D. Cal. Dec. 17, 2012) (finding no personal jurisdiction over a

nonresident defendant in an FCRA case involving inaccurate credit reporting when the plaintiff failed to establish the defendant made any contact with the forum state).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that motion of Defendant Creditors Bureau Associate's to dismiss for lack of personal jurisdiction is **GRANTED**. (ECF No. 16.)[1]

                                                                          _____
                                                                          AUDREY G. FLEISSIG
                                                                          UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2018.

---

[1] With the dismissal of CBA, the only remaining Defendant in the case is Equifax Information Services, LLC, ("Equifax"), with whom Plaintiff has reached a settlement. Once dismissal papers are filed as to Equifax, the Court will enter a final Order of Dismissal closing the case.